IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **YOGESHCHANDRA K. P.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 19-1434** |
| v. | * | |
| | * | |
| | * | |
| **KILOLO KIJAKAZI,** | * | |
| **Acting Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.**[1] | * | |

\*\*\*\*\*\*\*\*\*\*\*\*

## **MEMORANDUM OPINION**

On May 16, 2019, Plaintiff *pro se* Yogeshchandra P. petitioned this Court to review the final decision of the Social Security Administration ("Defendant," the "Commissioner," the "SSA," or the "Agency") determining the amount of overpayment for which he is liable. ECF No. 1. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case subsequently was reassigned to the undersigned. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 25), Defendant's Motion for Summary Judgment (ECF No. 31), and Plaintiff's Reply Memorandum and alternative motion for remand (ECF No. 33).[2] No hearing is necessary. L.R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. See 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, the Court grants Defendant's Motion for Summary Judgment and affirms the SSA's final decision under the fourth sentence of 42 U.S.C. § 405(g).

**A.   Standard of Review**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig*, 76 F.3d at 589. The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019). In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

**B.   Discussion**

Plaintiff was found disabled as of October 2008 and began receiving disability insurance benefits on April 1, 2009. R. at 18, 19. On June 27, 2013, the SSA issued a notice informing

Plaintiff that he was overpaid Title II benefits in the amount of $109,091.00 from April 1, 2009, to June 1, 2013, because of work activity. R. at 18. On July 28, 2013, the SSA reversed that final decision to a denial because of business reports showing that Plaintiff was working at substantial, gainful activity ("SGA") levels at the time he was found disabled and continued to work. R. at 18. Plaintiff filed a request for reconsideration, which the SSA denied. R. at 18. At Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on May 1, 2018, in Washington, D.C., where Plaintiff, represented by an attorney, testified. R. at 18. After the hearing, Plaintiff submitted a request for waiver of overpayment on May 11, 2018. R. at 18.

On May 17, 2018, the ALJ issued a decision (R. at 15-26) finding that Plaintiff was overpaid benefits in the amount of $109,091.00 during the period from April 1, 2009, to June 1, 2013, and that he was at fault in causing the overpayment. The ALJ found that Plaintiff "received information from Social Security explaining [SGA] limits and how they affect disability benefits." R. at 23. "The reporting responsibilities and [SGA] language were clearly printed on his initial application, award letter, and subsequent notices." R. at 23. "Further, [Plaintiff] does not allege an inability to understand these reporting responsibilities. Despite receipt of information describing his reporting duties, [Plaintiff] did not report his work to the Social Security Administration." R. at 23. "As such, he continued to receive benefits when he should have known that he was not entitled to them, based on his previous receipt of the pertinent information." R. at 23. The ALJ found that Plaintiff "was at fault because he failed to notify the Social Security Administration of his continued work, and accepted payment of benefits that he either knew or could have been expected to know was incorrect." R. at 23. The ALJ thus found that Plaintiff was liable for the overpayment. R. at 23-24. The Appeals Council denied Plaintiff's request for review on March 21, 2019. R. at 4-8.

An overpayment is defined as "the difference between the amount paid to the beneficiary and the amount of the payment to which the beneficiary was actually entitled." 20 C.F.R. § 404.504. When an overpayment occurs, the SSA will adjust any benefit payments due to an overpaid claimant, or recover the funds by, for example, requiring the claimant to refund the overpayment. *See* 42 U.S.C. § 404(a)(1)(A). The SSA bears the burden of proving the fact and amount of overpayment. *McCarthy v. Apfel*, 221 F.3d 1119, 1124 (9th Cir. 2000). No adjustment or recovery is permitted if (1) the overpaid individual is without fault; and (2) recovery would defeat the purpose of Title II of the Social Security Act (the "Act"), or be "against equity and good conscience." 42 U.S.C. § 404(b)(1); *Garnett v. Sullivan*, 905 F.2d 778, 781 (4th Cir. 1990). In determining whether an individual is without fault, the SSA will consider all pertinent circumstances, including any physical, mental, educational, or linguistic limitations the individual might have. *See* 42 U.S.C. § 404(b)(2); 20 C.F.R. § 404.507.

The SSA regulations provide that what constitutes fault on the part of the overpaid individual depends upon whether the facts show that the overpayment resulted from (a) an incorrect statement made by the individual which he knew or should have known to be incorrect; or (b) failure to furnish information which he knew or should have known to be material; or (c) with respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect. 20 C.F.R. § 404.507.

> The overpaid individual bears the burden of demonstrating that [he] is without fault, and that repayment would be inequitable, or would defeat the purposes of the Act. Even when the SSA has some culpability in making the overpayment, the overpaid individual is still liable for repayment if the individual is not without fault.

*Liza H. v. Comm'r, Soc. Sec. Admin.*, Civl No. SAG-18-3553, 2019 WL 3457795, at *3 (D. Md. July 31, 2019) (citations omitted).

4

Plaintiff contends that substantial evidence does not support Defendant's decision that he is liable for an overpayment for the receipt of benefits from April 1, 2009, to June 1, 2013. Pl.'s Reply 3, ECF No. 33. Plaintiff pleaded guilty in this Court to wire fraud conspiracy in 2015. R. at 19. The Court imposed a forfeiture of $554,541, of which Plaintiff was solely responsible for $101,736. R. at 20. The ALJ found that, because there must be a receipt of funds or property for there to be a forfeiture, Plaintiff was engaging in SGA under the comparability-of-work-activity test at the time he was found disabled in October 2008. R. at 20. Plaintiff argues that the ALJ erred by finding that "the forfeiture finding by the Federal Court determined that [he] had personally received funds from the criminal scheme. Even if [he] received the $101,736.43 that he was ordered to forfeit, those funds were not for work performed." Pl.'s Reply 11-12, ECF No. 33. According to Plaintiff, even if he did receive funds from this criminal activity, the proceeds received is not SGA because according to his tax records, he earned no income from work. *Id.* at 12. The ALJ, however, in analyzing Plaintiff's work activity under the comparability-of-work-activity test, considered his exhibited corporate tax filings between 2008 and 2012. R. at 21. Plaintiff testified that "he didn't know if the information was accurate[;] he just signed what was put in front of him." R. at 21. The ALJ found Plaintiff's testimony not credible and gave more weight to the statements in the corporate tax filings, however. R. at 22. The ALJ also noted Plaintiff's earnings in 2008. R. at 22. The ALJ found that Plaintiff's "testimony contradicts prior filings and statements on issues either unrelated to the charges for which he was sentenced, or not expressly incorporated by them." R. at 22. The ALJ thus found that Plaintiff did not meet his burden of proof to show that he did not perform any work activity that rose to the level of SGA. R. at 19, 22-23.

The ALJ then found that Plaintiff continued to receive benefits when he should have known that he was not entitled to them because of his previous receipt of pertinent information regarding SGA limits.  R. at 23.  The ALJ thus found that Plaintiff was at fault for causing the overpayment because he failed to notify the SSA of his continued work and accepted payment of benefits that he either knew or could have been expected to know was incorrect.  R. at 23.

The Court finds that substantial evidence supports the ALJ's decision.  Moreover, the ALJ built "an accurate and logical bridge from the evidence to his conclusion."  *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).  Again, the Court does *not* reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ.  *Hancock*, 667 F.3d at 472; *accord Shinaberry v. Saul*, 952 F.3d 113, 123 (4th Cir. 2020).  "[T]he critical question for this Court is not whether Plaintiff is entitled to waiver, nor the total amount of [his] overpayment, but whether there is substantial evidence in the record to support the Commissioner's findings on these issues."  *Wilkening v. Barnhart*, No. 02 C 9096, 2004 WL 1005718, at *4 (N.D. Ill. Apr. 27, 2004), *aff'd*, 139 F. App'x 715 (7th Cir. 2005).  "If reasonable minds could disagree on those findings, [the Court] must affirm the ALJ's decision."  *Id.*  Because substantial evidence in the record supports the decision of the ALJ, who applied the correct legal standards here, the Court affirms the Commissioner's final decision.[3]

**C.      Conclusion**

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 31) is **GRANTED**.  Plaintiff's Motion for Summary Judgment (ECF No. 25) and alternative motion

---

[3] Plaintiff's other arguments that the ALJ erred in not providing him a full and fair hearing by improperly weighing vocational expert testimony, by limiting the hearing to non-medical issues, and by adding additional evidence to the file after his initial hearing date of December 1, 2017, are without merit.

for remand (ECF No. 33) are **DENIED**. Defendant's final decision is **AFFIRMED**. A separate order will issue.

Date: December 20, 2021                                   /s/
                                                          Thomas M. DiGirolamo
                                                          United States Magistrate Judge